IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA COLLINS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4104 |
| | : | |
| SMALL BUSINESS ADMINSTRATION | : | |
| (SBA) RESTAURANT | : | |
| REVITALIZATION FUND, | : | |
|     Defendant. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                         **JANUARY 6, 2023**

*Pro se* Plaintiff Natasha Collins filed a Complaint[1] alleging that her business, Homestyle Bakery, was denied a Restaurant Revitalization Fund ("RRF") grant on account of Collins's race and gender. The RRF is a program administered by the Small Business Association ("SBA") that provided emergency assistance to eligible businesses affected by COVID-19. Collins seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Collins leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). She will be granted leave to file an amended complaint as set forth more fully below.

---

[1] On October 12, 2022, the Clerk of Court docketed a letter sent by Collins to the Court. (*See* ECF No. 1.) The letter attaches various documents. (*See id*.) Although the letter and attachments are deficient as a formal complaint in several respects, the Clerk of Court treated the letter as a complaint and opened this civil action. The Court will refer to the entire submission as Collins's "Complaint" and adopt the pagination supplied by the CM/ECF docketing system.

I.  **FACTUAL ALLEGATIONS**

Ms. Collins's allegations are brief. She states that in May of 2021, RRF "wrongfully" denied a grant application she submitted on behalf of her business, Homestyle Bakery, in the amount of $550,430.04. (Compl. at 1-2.) She further alleges that her grant application met all of the eligibility requirements but that RRF discriminated against her because she is a "Black woman who own[s] a restaurant." (*Id.*) She appears to list reasons she believes that her business is eligible for the RRF grant and requests that the Court "process my claim for monetary compensation in the amount of $550.430.04." (*Id.* at 3.) In support of her allegations, Ms. Collins attaches various documents printed from the SBA website that appear to be excerpts from her grant application and from the "RRF Program Guide." (*Id.* at 5-24.)

II.  **STANDARD OF REVIEW**

The Court grants Collins leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Collins is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See* Fed. R. Civ. P. 8(a)(2).  The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id.*; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).

### III.  DISCUSSION

Ms. Collins's Complaint fails to comply with Rule 8 and to state a plausible claim.  The Court is unable to discern the precise nature of her claims.  She alleges that RRF violated her constitutional rights but cites to no applicable constitutional provision.[2]  She also alleges that

---

[2] As part of the American Rescue Plan Act ("ARPA") of 2021, Congress allocated nearly $29 billion for RRF grants, *see* 15 U.S.C. § 9009c(b)(2)(A).  The RRF grants were intended to assist eligible restaurants, bars, and other qualifying businesses to cover "expenses incurred as a direct result of, or during, the COVID-19 pandemic."  *Id*. § 9009c(c)(5).  "[T]he amount of a

RRF was negligent by not granting her application and that it discriminated against her based on her race and gender.  The Court is also unable to determine who Collins intends to name as Defendants.  Her letter alleges that RRF violated her rights, but the civil action sheet she attached to the letter lists in the "Defendants" Box, "Small Business Administration (SBA) Restaurant Revitalization Fund."  (Compl. at 23.)  Collins also fails to provide sufficient facts to support her claims.  She alleges that a grant application was wrongfully denied but provides no factual details about her business, or about the circumstances giving rise to her application for and denial of a grant though the RRF program.  To the extent that Collins attempts to substantiate her vague and factually underdeveloped claims by relying on printouts from Government websites attached to her letter, this is not sufficient to overcome the Rule 8 requirements.  *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

      Liberally construing the Complaint, as the Court must, the equal protection component of the Fifth Amendment's Due Process Clause appears to be the most applicable constitutional provision here based on Collins's allegation that she was denied an RRF grant due to her race

---

grant made to an eligible entity" is based on the entity's "pandemic-related revenue loss."  *Id*. § 9009c(c)(4)(B)(i).

and gender.³  Assuming without deciding that a *Bivens* remedy is available here,⁴ any *Bivens* claims Collins intends to assert must nevertheless be dismissed because, although unclear, she appears to only seek relief against entities that are immune from *Bivens* liability.  *Bivens* claims may not be brought against the United States or federal agencies, such as the SBA.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials.").

Moreover, even if Collins had named a proper defendant for an equal protection claim under *Bivens*, she has nevertheless failed to state a plausible claim.  Plaintiffs pursuing an equal protection claim must allege that they were purposefully discriminated against, in that "they

---

³ The ARPA contained a provision requiring an initial 21-day period in which the Administrator would "prioritize awarding grants" to businesses "owned and controlled by women," by "veterans," and by those "social and economically disadvantaged." 15 U.S.C. § 9009c(c)(3)(A).

⁴ "*Bivens*" is a shorthand reference to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), which provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances.  *Egbert v. Boule*, 142 S. Ct. 1793, 1799-1800 (2022); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). *Bivens* does not, however, provide a remedy for every constitutional violation committed by any federal actor.  Since *Bivens* was decided in 1971, the Supreme Court has expressly recognized an implied cause of action in only three types of cases, *see Abbasi*, 137 S. Ct. at 1854-55, and "has repeatedly refused to recognize *Bivens* actions in any new contexts." *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017); *Egbert*, 142 S. Ct. at 1809.  Although the United States Supreme Court has allowed a *Bivens* action to redress a violation of the equal protection component of the Due Process Clause of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979), the case involved discrimination in employment and not discrimination committed by a federal agency in administering a federal grant program, as is alleged here.

received different treatment from that received by other individuals *similarly situated*."[5]  *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (emphasis in original); *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985) (a litigant must show "intentional or purposeful discrimination" to establish an equal protection violation).  "Persons are 'similarly situated' for purposes of an equal protection claim when 'they are alike in all relevant aspects.'"  *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (emphasis omitted).  Collins has not alleged similarly situated business owners were treated differently with respect to their RRF grants, and that such differential treatment was the result of intentional discrimination.  This is fatal to her equal protection claims.  *Perano v. Twp. Of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) (affirming dismissal of equal protection claim where the plaintiff "simply alleged that he was treated differently from 'other similarly situated residential and commercial developers'" but did not provide "specific factual allegations as to the allegedly similarly situated parties").  Accordingly, Collins fails to state a plausible equal protection claim.

To the extent Collins intended to raise a race discrimination claim under 42 U.S.C. § 1981,[6] the claim fails for similar reasons.  '"To establish a claim under § 1981, the plaintiff

---

[5] Equal protection claims asserted under the Fifth Amendment are examined under the same principles that apply to such claims under the Fourteenth Amendment.  *Abdul-Akbar v. McKelyie*, 239 F.3d 307, 316 (3d Cir.2001).

[6] Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C § 1981.

must allege (1) [s]he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'" *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v. Cty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013*), aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015).  Collins's § 1981 discrimination claims fail because she has not alleged any basis to conclude that she was denied a grant or was otherwise discriminated against on the basis of her race.  "To state a claim for intentional discrimination, a plaintiff must do more than allege a series of unfortunate events and baldly allege that the defendants discriminated against him." *Abdullah v. Small Bus. Banking Dep't of Bank of America*, No. 13-0305, 2013 WL 1389755, at *2 (E.D. Pa. Apr. 5, 2013) (dismissing § 1981 claim where amended complaint did not allege, *inter alia*, how defendant would have been aware of plaintiff's race when it chose not to extend loan).  Accordingly, Collins fails to allege a plausible race discrimination claim under Section 1981.

It is possible Collins also intends to raise Federal Torts Claim Act ("FTCA") claims based on allegations that the SBA was negligent in failing to grant her RRF application.  The FTCA waives the United States' sovereign immunity for claims sounding in state tort law for money damages.  28 U.S.C. § 2674 (waiving sovereign immunity to make the United States liable "in the same manner and to the same extent as a private individual under like circumstances"); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) ("The FTCA was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions." (internal quotations omitted)).  However, a plaintiff must exhaust

administrative remedies as a prerequisite to filing a lawsuit under the FTCA.  *See* 28 U.S.C. § 2675(a).  In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim."  *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (stating that exhaustion is "jurisdictional and cannot be waived"); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018).  A plaintiff "must . . . plead administrative exhaustion in an FTCA case."  *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).  Because Collins has not pled any facts about administrative exhaustion to the SBA, any FTCA claim she may have intended must be dismissed.

Because the claims are unclear and the facts are underdeveloped, the Complaint fails to provide fair notice of the grounds upon which Collins's claims against Defendants rest, as required by Rule 8.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).  While it may be possible for Collins to proceed on claims against Defendants for violations of her rights, Collins's Complaint lacks sufficient factual allegations to state a plausible claim against any Defendant.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Ms. Collins leave to proceed *in forma pauperis*, and dismiss her Complaint without prejudice pursuant Federal Rule of Civil Procedure 8 and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Considering her *pro se* status, Collins will be permitted the opportunity to file an amended complaint to cure the

defects the Court has noted as to her claims. An appropriate order follows, which contains additional instructions as to amendment.

                                **BY THE COURT:**

                                **/s/ Gerald Austin McHugh**

                                **GERALD A. MCHUGH, J.**