IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA COLLINS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SMALL BUSINESS ADMINISTRATION (SBA) RESTAURANT REVITALIZATION FUND | : : : | NO. 22-4104 |

**MEMORANDUM**

Padova, J.                                                                                       January 10, 2024

Plaintiff has brought the instant proceeding pro se against the United States Small Business Administration ("SBA") on the ground that the SBA improperly denied her application for an award from the Restaurant Revitalization Fund ("RRF")[1] for her business Homestyle Bakery. The Government has filed a Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim

---

[1] The SBA explains that the RRF program was established during the COVID-19 pandemic by the American Rescue Plan Act "to provide funding to help restaurants and other eligible businesses keep their doors open." Restaurant Revitalization Fund Program Details, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/restaurant-revitalization-fund (last visited 12/29/23) [https://perma.cc/6KKV-LMTG]. Successful applicants could obtain RRF "funding equal to their pandemic-related revenue loss up to $10 million per business and no more than $5 million per physical location." Id. We may consider the SBA's description of the RRF program in connection with this Motion because we may take judicial notice of information that is publicly available on Government websites. See Vanderklok v. United States, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (citing Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)). Entities that were eligible for RRF grants included restaurants, food trucks, bars, brewpubs, and "other similar place[s] of business in which the public or patrons assemble for the primary purpose of being served food or drink." 15 U.S.C. § 9009c(a)(4)(A). Congress funded the RRF program in the amount of $28,600,000,000. Id. § 9009c(b)(2)(A). An eligible entity could use RRF grant funds to pay certain expenses incurred during, or as a result of, the COVID-19 pandemic including the following: payroll costs, mortgage costs, rent, utilities, maintenance, supplies, and food and beverage expenses. Id. § 9009c(c)(5).

upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we grant the Motion and dismiss the Amended Complaint with prejudice.

I.   BACKGROUND

On October 12, 2022, this Court received a letter from Plaintiff, stating that her request for a grant from the RRF in the amount of $550,430.04 was wrongfully denied. (Docket No. 1 at 1 of 24.) The letter also states that the denial was discriminatory and violated her constitutional rights because it was based on her status as a black woman. (Id. at 1-2 of 24.) She asked that the Court grant her the money for which she had applied. (Id. at 3 of 24.) The Court granted Plaintiff leave to proceed in forma pauperis, but concluded that the letter, and the documents attached to the letter, which were treated as a complaint, were insufficient to state a claim on which relief may be granted and dismissed them without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (See Docket Nos. 5 and 6.) The Court also granted Plaintiff leave to file an amended complaint.[2] (Id.)

Plaintiff filed the Amended Complaint on February 8, 2023. (Docket No. 7.) The Amended Complaint asserts one claim against the SBA. (Am. Compl. at 2-4 of 19.) It alleges that Plaintiff was injured because she did not receive the RRF grant she sought for her business, Homestyle Bakery, in the amount of $550,430.04. (Id. at 3 of 19.) The Amended Complaint further alleges that "[t]he COVID-19 pandemic has had a devastating impact on [Plaintiff's] business Homestyle Bakery" and that "Homestyle Bakery needs a RRF grant for precisely the

---

[2] This case was initially assigned to the Honorable Gerald A. McHugh. After Plaintiff filed the Amended Complaint in this action, the Government moved to reassign this case to the undersigned Judge, as we were handling another action filed by Plaintiff, Natasha Collins v. Shuttered Venues Operations Grant, et al., Civ. A. No. 22-1310 (E.D. Pa.). In her other lawsuit, Plaintiff brought an action against the SBA because it denied her application for a Shuttered Venue Operators Grant for another business, All Star Entertainment, which she alleged had to close because of the COVID-19 pandemic. The instant action was reassigned to the undersigned on June 23, 2023.

reason the program was invented, to help struggling businesses financially during the pandemic." (Id. at 4 of 19.)

The Government has moved to dismiss the Amended Complaint in this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on the ground that Plaintiff's claims are moot and she therefore lacks standing. The Government has also moved to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) because the Amended Complaint fails to allege a basis for a waiver of the United States' sovereign immunity and because, to the extent the Amended Complaint could be construed to allege a claim under the Administrative Procedures Act, the Amended Complaint does not allege a facially plausible claim for relief under the Act. Plaintiff has not filed a response to the Motion.[3]

## II.   LEGAL STANDARD

As we mentioned above, the Government has moved to dismiss the Amended Complaint both for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). "Our jurisdictional inquiry must precede any discussion of the merits of the case for if a court lacks jurisdiction and opines on a case over which it has no authority, it goes 'beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers.'" Elliott v. Archdiocese of N.Y., 682 F.3d 213, 219 (3d Cir. 2012) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94

---

[3] Since Plaintiff has not filed a response to the Motion to Dismiss we could grant the Motion as uncontested pursuant to Local Rule of Civil Procedure 7.1(c). However, because Plaintiff is not represented by counsel, we have considered the Motion on the merits. See Xenos v. Hawbecker, 441 F. App'x 128, 131 (3d Cir. 2011) (expressing "a preference for an assessment of the complaint on its merits" when plaintiff is not represented by counsel (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991))). Moreover, since Plaintiff is proceeding pro se, we liberally construe the Amended Complaint. Rivera v. Monko, 37 F.4th 909, 914 (3d Cir. 2022) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

(1998)) (citing <u>Cunningham v. R.R. Ret. Bd.</u>, 392 F.3d 567, 570 (3d Cir. 2004)); <u>see also</u> <u>McCracken v. R.J. Reynolds Tobacco Co.</u>, Civ. A. No. 17-4495, 2018 WL 692934, at *2 n.22 (E.D. Pa. Feb. 2, 2018) ("When a motion under Federal Rule of Civil Procedure 12 is based on several grounds, a court should first consider a 12(b)(1) challenge because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." (quotation omitted)).  Therefore, "if we determine that we do not have jurisdiction over this [action], our 'only function remaining [will be] that of announcing the fact and dismissing the cause.'" <u>Elliott</u>, 682 F.3d at 219 (second alteration in original) (quoting <u>Steel Co.</u>, 523 U.S. at 94). Thus, we begin our analysis with the Government's argument that the Amended Complaint should be dismissed pursuant to Rule 12(b)(1).

When a party argues that subject matter jurisdiction is lacking under Rule 12(b)(1), we must first "determine whether the challenge is a facial attack or a factual attack." <u>GBForefront, L.P. v. Forefront Mgmt. Grp., LLC</u>, 888 F.3d 29, 35 (3d Cir. 2018) (citing <u>Const. Party of Pa. v. Aichele</u>, 757 F.3d 347, 357 (3d Cir. 2014)). "'A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction. . . .'" <u>Id.</u> (first alteration in original) (quoting <u>Const. Party of Pa.</u>, 757 F.3d at 358). "'A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction.'" <u>Id.</u> (second alteration in original) (quoting <u>Const. Party of Pa.</u>, 757 F.3d at 358). The Government's Motion to Dismiss relies on evidence outside of the Amended Complaint, i.e., the Declaration of John A. Miller, the SBA's Deputy Associate Administrator for Capital Access, the office which is responsible for the operation of the RRF program. (<u>See</u> Miller Decl. ¶ 1.) We conclude, accordingly, that the instant Motion to Dismiss asserts a factual attack on our subject matter jurisdiction.

"[T]he party asserting the existence of federal jurisdiction[] ha[s] the burden of alleging a legal basis for exercising such jurisdiction." Aldossari ex rel. Aldossari v. Ripp, 49 F.4th 236, 260 (3d Cir. 2022) (citing Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105-06 (3d Cir. 2015); Fed. R. Civ. P. 8(a)(1)). Thus, on "a Rule 12(b)(1) motion, it is the plaintiff's responsibility to show that the court has subject matter jurisdiction." Potter v. Cozen & O'Connor, 46 F.4th 148, 155 (3d Cir. 2022) (citing Grp. Against Smog & Pollution, Inc. v. Shenango Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016); Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 272 n.14 (3d Cir. 2016)). "[A] factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." Hartig Drug Co., 836 F.3d at 268 (citing Const. Party of Pa., 757 F.3d at 358). "The defendant has the initial burden of production to raise a factual challenge." GBForefront, L.P., 888 F.3d at 35 (citing Washington v. Hovensa LLC, 652 F.3d 340, 345 & n.2 (3d Cir. 2011)). "Once a factual challenge has been raised, the plaintiff then has the burden of proof to establish . . . jurisdiction by a preponderance of the evidence." Id. (citing McCann v. Newman Irrevocable Tr., 458 F.3d 281, 288-89 (3d Cir. 2006)). A court considering a factual challenge to subject matter jurisdiction "'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case,' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations.'" Hartig Drug Co., 836 F.3d at 268 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). In doing so, it "'may weigh and consider evidence outside the pleadings.'" Id. (quoting Const. Party of Pa., 757 F.3d at 358).

## III.   DISCUSSION

The Government argues that we lack subject matter jurisdiction over Plaintiff's claim for an award from the RRF because the RRF's program period has expired and its funds are exhausted, thus mooting Plaintiff's claim. "[A] case is moot if 'developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief.'" Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (quoting Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996)). We lack subject matter jurisdiction over claims that have become moot. See Goodmann v. People's Bank, 209 F. App'x 111, 113 (3d Cir. 2006) ("The District Court lacks subject matter jurisdiction when the controversy has become moot."); see also United States v. Gov't of Virgin Islands, 363 F.3d 276, 285 (3d Cir. 2004) ("If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it." (citing U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396-97 (1980))).

Clearly, if the RRF program has expired and it has no funds, we cannot grant Plaintiff the relief she seeks, i.e., an award of the $550,430.04 RRF grant she sought for Homestyle Bakery. (See Am. Compl. at 3 of 19.)  Miller states in his Declaration that, as of April 25, 2023, there was "no money in the RRF, and the SBA has no reason to believe that any money will return to the RRF. (Miller Decl. ¶ 3.)  He further states that the "SBA is no longer processing RRF-grant applications or awarding RRF grants because the RRF is empty, and 'the covered period' described in 15 U.S.C. § 9009c has ended."[4]  (Id. ¶ 4.)  Accordingly, the SBA no longer has funds from the

---

[4] Section 9009c provides that the covered period for the RRF began on February 15, 2020 and ended on March 11, 2023. See 15 U.S.C. § 9009c(a)(3).  Section 9009c also requires that all funds granted by the SBA from the RRF had to be used by March 11, 2023. Id. § 9009c(c)(6).

RRF with which it could satisfy a judgment if this Court were to find in favor of Plaintiff on her claim against the SBA in this case.

We conclude, based on the Miller Declaration, that the Government has satisfied its burden of production with respect to its argument that this action is now moot because the RRF no longer has any money.  See Hamilton, 862 F.3d at 335.  Plaintiff has failed to come forward with any evidence that could establish that this action is not moot, and we are not aware of any evidence showing that Congress will refund the RRF program or that money may be returned to the RRF in any other manner.  See GBForefront, L.P., 888 F.3d at 35 (citation omitted).  Accordingly, we further conclude that this action is moot and we lack subject matter jurisdiction over Plaintiff's claim against the SBA.  We need not consider the Government's other arguments, as our only remaining function is to dismiss this case.  Elliott, 682 F.3d at 219 (quoting Steel Co., 523 U.S. at 94)).

### IV. CONCLUSION

For the reasons stated above, we conclude that we lack subject matter jurisdiction over Plaintiff's claim against the SBA and we grant the Government's Motion to Dismiss with prejudice.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.